# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) Crim. Action No. 23-0289 (ABJ) |
| MATTHEW EUGENE LOGANBILL, | ) ) ) |
| Defendant. | ) ) |

## SCHEDULING ORDER

After considering the matters discussed at the status conference held in this case on August 25, 2023, it is ORDERED that the following schedule will apply:

1) Any **defense motion to dismiss or motion alleging a defect in the indictment,** including those motions identified in Fed. R. Crim. Proc. 12(b)(3)(A) and (B); any **defense motion to suppress statements or evidence**; any **motion for severance of charges or defendants** under Rules 12(b)(3) and 14; and any **motion for change of venue** under Rules 12(b)(3)(A)(i) and 21 **must be filed by August 30, 2023.** The oppositions will be due **September 5, 2023.**

2) **Motions in limine** on behalf of either party, **or any notice by the government seeking to introduce evidence under Fed. R. Evid. 404(b),** must be filed by **August 30, 2023.** The oppositions are due on **September 5, 2023**.

3) The parties must jointly file a single **Joint Pretrial Statement** by **September 28, 2023.**

4) Electronic and paper copies of all **exhibits** must be delivered to chambers and to the Deputy Clerk in the format set out below by **September 28, 2023.**

5) The **pretrial conference** will be held on **October 13, 2023** at 11:30 a.m. in Courtroom 25.

6) **Trial** will commence on **October 17, 2023** at 9:30 a.m. in Courtroom 25.

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended, and given the expedited schedule in place in this case, must be supported by exigent circumstances.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

**JOINT PRETRIAL STATEMENT**

The Joint Pretrial Statement must include:

a)     a concise **joint statement of the case**

b)     an **estimate of the number of days** the trial is anticipated to last;

c)     a list of all outstanding **motions in limine**;

d)     **a written waiver of trial by jury;**

e)     the parties' position on **the law to be applied** by the Court in resolving the factual issues to be tried to it. The Court intends to utilize the attached set of jury instructions to guide its deliberations; if the parties wish to make objections or propose any revisions or additions to the instructions, they must be set out in the Joint Pretrial Statement, along with any supporting authority and a statement of the opposing party's position.

f)     **a list of witnesses or potential witnesses;**

g)     **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

h)     **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

i)     **a list of exhibits** that each party intends to offer in its case-in-chief during trial, **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, e.g., "hearsay," or "F.R.E. 403," without further argument. Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.

Any objections on completeness grounds pursuant to F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to chambers.

A party may choose to identify additional exhibits it anticipates will be used for purposes of impeachment, but those exhibits should be clearly identified on the list as items the party is NOT seeking to admit in its case-in-chief.

j)  any **stipulations**, signed by counsel and the defendant;

k)  a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language.

### Format of Exhibits

Counsel for each party must deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) **and** in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder.

A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk.

For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def.'s Ex. 27, Email of 11/28/2006). For the paper copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder.  Binders may not be larger than 3 inches.  Exhibit binders must be labelled on both the

front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside. (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

In order to expedite the trial and the presentation of evidence, it is the Court's intention to rule on the admissibility of as many exhibits as possible at the pretrial conference. The parties will be permitted to refer to exhibits that have already been admitted in their opening statements and to use them to question witnesses without marking them for identification and completing the exercise of establishing their admissibility. Ordinarily, the only exhibits that would be sent to the jury room during deliberation will be exhibits that have been utilized during the presentation of evidence at trial; even if other exhibits were admitted in advance of trial, that process alone would not make them part of the evidence in the case. With the Court's approval, the parties may agree to forego this requirement in a non-jury trial.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: August 29, 2023