UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> MATTHEW EUGENE LOGANBILL, ) <br> ) <br> Defendant. ) | Crim. Action No. 23-0289 (ABJ) |

## ORDER

Defendant Matthew Eugene Loganbill has been charged in a five-count indictment with the following offenses:

Count I – Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2;

Count II – Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

Count III – Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

Count IV – Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D);

Count V – Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Indictment [Dkt. # 1]. He filed a motion to dismiss Count One, [Dkt. # 5], a motion to dismiss Counts Two and Three, [Dkt. # 6], and a motion to change venue [Dkt. # 7], all of which he describes as either identical or "substantially similar"[1] to the motions the Court previously denied

---

1    Defendant notes the motion to dismiss Count One is "substantially similar" to his previous motion because it has been updated to include the D.C. Circuit's opinion in *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), which the Court previously considered in its order denying defendant's motion to dismiss Count One.

in *United States v. Loganbill*, Crim. Action No. 21-cr-593.  Defendant also filed a new motion to dismiss Count Five.  *See* Mot. to Dismiss Count Five [Dkt. # 8] ("Count Five Mot.").  The government opposes all of the motions.  *See* Gov't's Opp. to Mot. to Change Venue [Dkt. # 9]; Gov't's Opp. to Mot. to Dismiss Count Two and Three [Dkt. # 10]; Gov't's Opp. to Mot. to Dismiss Count Five [Dkt. # 11]; Gov't's Opp. to Mot. to Dismiss Count One [Dkt. # 12].

Defendant's motion to dismiss Count One [Dkt. # 5] and motion to dismiss Counts Two and Three [Dkt. # 6] will be **DENIED** for the reasons set forth in the order entered in the original case involving this defendant.  *See* Order, *United States v. Loganbill*, Crim. Action 21-cr-593 [Dkt. # 51] (D.D.C. May 1, 2023).  Defendant's motion to change venue [Dkt. # 8] is also **DENIED** for the reasons set forth in the Court's previous order addressing venue in Mr. Loganbill's case.  *See* Order, *United States v. Loganbill*, Crim. Action No. 21-cr-593 [Dkt. # 50] (D.D.C. April 19, 2023).

Defendant moves to dismiss Count Five, which charges that he "willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building" in violation of 40 U.S.C. § 5104(e)(2)(G), on First Amendment grounds.  *See* Count Five Mot. at 2–10.  Specifically, he contends that section 5104(e)(2)(G) is facially overbroad and unconstitutionally vague.  *See id.* at 2.  Alternatively, defendant argues that Count Five fails to state an offense because "there are no specifics as to the facts and circumstances of any parading, picketing, or demonstrating." Count Five Mot. at 12.

This Court has already rejected similar constitutional arguments in another January 6 case. *See United States v. Gray*, Crim. Action No. 21-cr-0495, 2023 WL 2998862 at *11–13 (D.D.C. Jan. 26, 2023).  It found that section 5104(e)(2)(G) is not unconstitutionally overbroad, but rather constitutes a reasonable restriction on certain conduct within Capitol buildings.  *Id.* at *13. Looking at the plain text of the provision, section 5104(e)(2)(G) is aimed at conduct, and not

speech, as it criminalizes the acts of parading, demonstrating, or picketing. *Id.* The Court agreed with the conclusion of another court in this district that "the interior of the Capitol building is a nonpublic forum where the government may limit First Amendment activities so long as the restrictions are reasonable in light of the purpose of the forum and are viewpoint neutral." *Id.* at 12, citing *United States v. Nassif*, 628 F. Supp. 3d 169, 180 (D.D.C. 2022). While defendant attempts to rely on *Bynum v. U.S. Capitol Police Bd.*, 93 F. Supp. 2d 50, 54 (D.D.C. 2000), and *Lederman v. United States*, 89 F. Supp. 2d 29, 43 (D.D.C. 2000) to support his overbreadth challenge, Count Five Mot. at 6, the Court has previously considered and rejected the application of both cases to the statutory challenge at issue here. *See Gray*, 2023 WL 2998862 at *13 ("Both cases involve challenges to Capitol Police Board regulations that were found to restrict a substantial amount of expressive behavior."). In contrast, section 5104(e)(2)(G) constitutes a reasonable restriction on certain conduct within Capitol buildings that "Congress reasonably could have concluded would disrupt its legislative process." *Nassif*, 628 F. Supp. 3d at 181.

The Court also found that section 5104(e)(2)(G) is not unconstitutionally vague. *Gray*, 2023 WL 2998862 at *14. A penal statute is void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Section 5104(e)(2)(G) criminalizes parading, demonstrating, or picketing in any Capitol building, terms that are clearly understood.

To construe the statute, the Court can look to the dictionary definitions of these terms as it previously did in *Gray*, and as the Court did in *United States v. Seitz*:

> To "parade" is "to march in procession or with great display or ostentation, to walk up and down or promenade in a public place especially for the sake of showing off" . . . to "demonstrate" is "to make or take part in a public

3

> demonstration" . . . and in turn, "demonstration" is "a public manifestation by a number of persons of interest in some public question, or sympathy with some political or other cause, usually taking the form of a procession and mass meeting" . . . [f]inally, to "picket" is "to act as a picket in a dispute or demonstration" . . . [a]nd a "picketer" is "one engaged in a demonstration at a particular premises."

*Seitz*, Crim. Action No. 21-cr-279, Dkt. #51, 12–13, citing Oxford English Dictionary (2nd ed. 1989). The *Seitz* court concluded that "taking these words together, the statute covers those who noticeably take part in a public display, likely with multiple people and in support of some dispute or cause, in any of the Capitol buildings." *Id.* at 13. Like the other courts that have considered the matter, the Court finds that the statutory terms provide sufficient guidance to ordinary people using common sense of the type of behavior that is prohibited in any Capitol building. Moreover, the settled legal meanings of the words in the statute prevent any "wholly subjective judgments" that would encourage arbitrary enforcement, *Williams*, 553 U.S. at 306.

For the reasons set forth in *Gray*, the Court again finds that section 5104(e)(2)(G) is not unconstitutionally overbroad or vague, and the motion to dismiss Count Five on First Amendment grounds will be **DENIED**.

In *Gray*, the Court also considered and rejected the alternative argument that an identical indictment failed to state an offense for a violation of 40 U.S.C. § 5104(e)(2)(G). *See Gray*, 2023 WL 2998862 at *10. As in that case, the indictment here clearly and unambiguously "set[s] forth all the elements necessary to constitute the offense intended to be punished," *Hamling v. United States*, 418 U.S. 87, 117 (1974), quoting *United States v. Carll*, 105 U.S. 611, 612 (1882). The indictment "fairly informs defendant of [the] charge against which he must defend," *Hamling*, 418 U.S. at 117, that he "willfully and knowingly paraded, demonstrated, and picketed" in a Capitol

Building on January 6, 2021, in the District of Columbia. Indictment at 3. The Court will therefore **DENY** the motion to dismiss Count Five for failure to state a claim.

For all of these reasons, defendant's motion to dismiss Count One [Dkt. # 5], motion to dismiss Counts Two and Three [Dkt. # 6], motion to dismiss Count Five [Dkt. # 8], and motion to change venue [Dkt. # 7] are hereby **DENIED**.

**SO ORDERED.**

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: September 6, 2023