UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 23-cr-289 (ABJ) |
| | : | |
| MATTHEW LOGANBILL, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WAIVE IN-PERSON PRESENCE AT HEARING AT WHICH COURT WILL ANNOUNCE ITS VERDICT

The Government does not oppose the defendant's motion to waive his in-person presence at the hearing at which the Court will announce its verdict. ECF 28.

The defendant was initially present at trial. Rule 43(c)(1)(A) contemplates that a defendant initially present at trial may "waive[] the right to be present… when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial." Fed. R. Crim. P. 43(c)(1)(A). Indeed, as the defendant states in his motion, the D.C. Circuit held in *United States v. Gordon* that a defendant may waive his right to be present at trial. 829 F.2d 119, 124 (D.C. Cir. 1987); *accord United States v. Tureseo*, 566 F.3d 77, 83-84 (2nd Cir. 2009) ("The defendant's constitutional and statutory right to be present, however, may be either expressly or effectively waived by the defendant … To establish waiver, the District Court must conduct a record inquiry to determine whether the defendant's absence was 'knowing and voluntary' and without sound excuse – otherwise, a remand is ordinarily warranted in the absence of such record inquiry."); *United States v. Crutcher*, 405 F.2d 239, 243 (2nd Cir. 1968) , *cert. denied*, 394 U.S. 908, 22 L.Ed.2d 219 (1969) ("the right to be present at one's trial is a personal right that may be waived by a

defendant."); *Pearson v. United States*, 325 F.2d 625, 627-28 (D.C. Cir. 1963) ("if he is in court, with counsel present, he may waive his right to be present by expressly indicating a desire to be absent. In such a case, it may be desirable for the trial judge to inform the defendant of the nature of the right to be present and of the possible advantages to him of being present.").

The defendant has attached to his motion a signed, express waiver of his right to be physically present at the hearing at which the Court will render its verdict, understanding that he has a right to be physically present and that he forfeits his right to appeal his absence at the hearing. Moreover, the defendant will still be present at the hearing, albeit via videoconference.

Respectfully submitted,

FOR THE UNITED STATES
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

*/s/ Alexander Diamond*
Alexander Diamond
Assistant United States Attorney
U.S. Attorney's Office for the D.C.
601 D Street, N.W.
Washington, D.C. 20530
(202) 506-0427
ADiamond@usa.doj.gov

*/s/ Brian D. Brady*
Brian D. Brady
Trial Attorney, Department of Justice
DC Bar No. 1674360
601 D Street, N.W.
Washington, D.C. 20530
(202) 834-1916
Brian.Brady@usdoj.gov