# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATT LOGANBILL,<br><br>Defendant. | Crim. Action No. 1:23CR289 |

### MOTION TO STAY SENTENCING PENDING SUPREME COURT'S RESOLUTION OF *FISCHER v. UNITED STATES*

Matt Loganbill, through counsel, respectfully moves this Court to vacate the sentencing hearing presently scheduled for March 12, 2024, and to stay proceedings in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). It is anticipated that Supreme Court will issue an opinion by June 2024. Therefore, a stay would not result in an unduly lengthy continuance.

The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

Mr. Loganbill litigated this same question in his bench trial in this case. As the Court will recall, at trial he only meaningfully contested Count 1, the obstruction

of justice count.[1] Count 1 represents the sole felony in Mr. Loganbill's case and will thereby drive the recommended Guidelines sentencing range. Thus, resolution of *Fischer* will directly impact the validity of Mr. Loganbill's conviction as well what sentence may be appropriate. Proceeding to sentencing in Mr. Loganbill's case will potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer*'s outcome. In cases like this one—where 18 U.S.C. § 1512(c) represents the sole felony count—other judges of this court have stayed sentencing hearings. *See United States v. Seitz*, 1:21CR279(DLF), Minute Order, 12/22/2023; *United States v. Zink*, 1:21CR191(JEB) Minute Order, 12/28/23 ("Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes postponing such sentencing until after the Supreme Court decides *U.S. v. Fischer* is appropriate.").

Therefore, in the interests of fairness and judicial economy, Mr. Loganbill requests that the Court stay sentencing in his case pending the Supreme Court's resolution of *Fischer*.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

---

[1] Mr. Loganbill filed a motion to dismiss the § 1512(c) obstruction count, ECF. No. 5.

ELIZABETH MULLIN
ALEXIS GARDNER
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500