UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 23-cr-289 (ABJ) |
| : | |
| MATT LOGANBILL, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO STAY SENTENCING

The United States of America respectfully opposes Defendant Matt Eugene Loganbill's motion to stay his sentencing pending resolution of *Fischer v. United States* (ECF No. 30), which is, in effect, a motion to stay sentencing until at least mid-2024. On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant was convicted by this Court in October 2023. This development does not merit a continuance of the sentencing hearing scheduled for March 21, 2024.

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The

party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

The defendant's motion to continue his sentencing should be denied because the relevant stay factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant certiorari in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted and eight months after his conviction at trial. Delaying the sentencing for another three months or more would undermine the interests of the public in the timely adjudication of a case of great significance. Additionally, a further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

Second, the defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled in March. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailey*, 37 F.3d 1501, (7th Cir. 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule

33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for four other crimes outside the scope of the *Fischer* appeal. Assuming that the Court permits the defendant to self-report approximately 60-90 days after sentencing in March, the defendant would have served approximately one month of time before the Supreme Court's expected decision in mid to late June. Even if the Supreme Court issues an adverse ruling to the government's position, and Loganbill were to be sentenced on the remaining offenses, the government maintains that his guidelines range would be 6-12 months (based on offense level 10[1] and Criminal History Category I). Accordingly, it is unlikely that Loganbill would have served his full sentence on his non-§ 1512 convictions by mid-June. And if it does somehow happen that

---

[1] The Statutory Appendix to the Guidelines provides for two potential guidelines to apply to 18 U.S.C. § 1752(a)(2): U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers) or U.S.S.G. § 2B2.3 (Trespass). Given Loganbill's conduct in the Capitol Building – forcing entry into the U.S. Capitol building with a mob and remaining despite clear instruction to leave – impeded officers in the performance of their duty to protect the U.S. Congress and clear the U.S. Capitol building of unauthorized entrants, the government maintains that the most appropriate guideline is § 2A2.4, which carries a base offense level of 10. 18 U.S.C. § 1752(a)(1) groups with 1752(a)(2) and does not change the overall offense level.

4

Loganbill serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, Loganbill could move for release pending appeal at that point under 18 U.S.C. § 3143(b).   *See, e.g., United States v. Donovan Crowl,* 21-cr-28 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)).

In fact, any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

For all these reasons, the defendant's motion to stay for three months or more should be denied, and the Court should proceed with sentencing on March 12, 2024.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Alexander Diamond*
        ALEXANDER M. DIAMOND
        Assistant United States Attorney
        N.Y. Bar No. 5684634
        U.S. Attorney's Office for the District of Columbia
        601 D Street, NW Washington, D.C. 20001
        (202) 506-0427
        Alexander.Diamond@usdoj.gov

        BRIAN BRADY
        D.C. Bar Number 1674360
        Trial Attorney
        U.S. Department of Justice, Crim. Div.
        Detailed to the D.C. U.S. Attorney's Office
        601 D St. NW
        Washington, D.C. 20530
        BBrady@usa.doj.gov
        (202) 834-1916