# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MATT LOGANBILL,

        Defendant.

Crim. Action No. 1:23CR289

## REPLY TO GOVERNMENT'S OPPOSITION TO STAY SENTENCING PENDING SUPREME COURT'S RESOLUTION OF
### *FISCHER v. UNITED STATES*

    Matt Loganbill, through counsel, submits this brief reply to the government's opposition to his Motion to Stay Sentencing in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

    Each of the *Hilton v. Braunskill* factors support staying the sentencing in this matter. 481 U.S. 770, 776 (1987).

    First, Mr. Loganbill has a made a strong showing of likelihood to succeed on the merits. The D.C. Circuit's opinion reversing a district judge's reasoned opinion that Section 1512(c) does not cover conduct of Mr. Loganbill and other January 6 defendants was not unanimous. One judge dissented and one judge issued a concurrence. The Supreme Court has granted certiorari notwithstanding the absence of a circuit split. *See* Brief for U.S. in Opp. to Writ of Cert, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other

court of appeals."). Thus, there is good reason to believe that the Justice Department's novel and overreaching application of the obstruction statute may be overturned. The government claims that a decision adverse to the government in *Fischer* will not necessarily invalidate Mr. Loganbill's conviction. But it has failed to explain what it believes distinguishes Mr. Loganbill's conviction from Mr. Fischer's. *Fischer* arises from a motion to dismiss Mr. Fischer's indictment—which, as to the section 1512 charge, looks identical to Mr. Loganbill's.

Second, if Mr. Loganbill is sentenced under the obstruction guidelines and begins serving his sentence, he will be irreparably injured. He will lose income and go to prison for a felony that is likely to be invalidated. Anyone who has spent time in a prison or a jail understands that even serving a portion of a sentence which is later vacated constitutes irreparable damage. The government comes close to conceding this. *See* Gov. Br. 5 (suggesting that potential irreparable injury to Mr. Loganbill can be addressed by a bond motion). Meanwhile, if Mr. Loganbill is sentenced on the misdemeanor alone, the applicable guideline range would be 0 to 6 months under USSG 2B2.3 and he is likely to receive a substantially reduced sentence. Two district judges applied the same reasoning in the context of defendants' motions for bond pending appeal where the defendants' sole felony convictions were the obstruction counts. *See* Minute Order, *United States v. Clark,* 1:21CR538 (DLF) (12/21/23) (granting release pending appeal where defendant was convicted of obstruction of justice and multiple misdemeanor counts because "[i]f the felon defendant's felony conviction were reversed or vacated, the Court might well impose

a different sentence"); *see also* Memorandum Opinion, *United States v. Adams*, 21CR354(APM) (1/10/24) (hereinafter "*Adams* Mem.Op.") (granting release from Bureau of Prisons pending appeal noting that "if Defendant were to be resentenced on Count Two [the misdemeanor count], he would be a misdemeanant, not a felon. This Court consistently has imposed sentences of short terms of incarceration (90 days or less) or probation with home confinement for January 6 defendants only convicted of misdemeanants."). Moreover, the best indicator of Mr. Loganbill's likely sentence absent the felony obstruction conviction is what district judges have most frequently imposed on misdemeanor-only January 6 defendants. *See, e.g.*, *United States v. Winn*, No. 21-cr-139-1 (TNM) (10 days' incarceration); *United States v. Treniss*, 1:21CR225 (DLF) (probation, 20 days intermittent confinement); *United States v. Tyler Slaeker*, 1:21CR604 (DLF) (probation, 30 days home confinement); *United States v. Russell*, 1:21CR309 (ABJ) (30 days incarceration).[1]

Third, the issuance of stay until the end of the Supreme Court's term in June will not substantially injure any party. To the contrary, a stay will serve judicial economy. If Mr. Loganbill begins serving his sentence and *Fischer* is overturned, under the sentencing-packaging doctrine, the sentence for both offenses will be vacated. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the

---

[1] The government also argues that a stay is not appropriate because the time to file a motion for a new trial under Rule 33 has expired. However, Mr. Loganbill anticipates filing a motion for reconsideration, not a motion for a new trial, so the government's argument about Rule 33 is irrelevant.

3

correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). Mr. Loganbill will be released and the parties will re-litigate sentencing. This inefficient result could be avoided by a relatively brief stay of the sentencing hearing. Indeed, the government's suggestion that bond pending appeal avoids the harm of going forward entirely fails to account for the inefficiencies created by such a procedure. First, the parties will have to litigate the propriety of such bond. Second, if *Fischer* goes Mr. Loganbill's way, the parties will have to relitigate his sentence. Hitting pause avoids these inefficiencies. Indeed, other judges of this Court have stayed sentencing hearings in precisely this context—where the obstruction count is the defendant's sole felony conviction. *See United States v. Seitz*, 1:21CR279(DLF), Minute Order, 12/22/2023; *United States v. Zink*, 1:21CR191(JEB) Minute Order, 12/28/23 ("Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes postponing such sentencing until after the Supreme Court decides *U.S. v. Fischer* is appropriate.").

Finally, Mr. Loganbill has been perfectly compliant with all conditions of release. The public will not be harmed by a stay. To the contrary, a stay will serve the public interest because it will conserve judicial resources.

## Conclusion

For the reasons herein and any others that appear to the Court, Mr. Loganbill respectfully moves to stay his sentencing hearing until such time that the Supreme Court has resolved the issue presented in *United States v. Fischer*.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Elizabeth Mullin
Alexis Gardner
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Elizabeth_Mullin@fd.org