UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATT LOGANBILL,<br><br>          Defendant. | Crim. Action No. 1:23CR289 |

**MOTION TO RECONSIDER FINDING OF GUILT ON COUNTS ONE, TWO, AND THREE**

Matt Loganbill respectfully requests that the Court reconsider its findings of his guilt on Counts One, Two, and Three of the Indictment based on the facts presented at his bench trial. This Court has the inherent authority to reconsider a non-final ruling. *United States v. Ibarra*, 502 U.S. 1, 5 (1991) (per curiam) (implicitly recognizing authority of district court to reconsider prior rulings thereby affording court "the opportunity to correct [its] own alleged errors" and thereby "prevent[] unnecessary burdens" on the court of appeals). This authority logically extends to findings of guilt in bench trials given that such findings are not final orders that divest the Court of jurisdiction or permit an appeal. *See United States v. DaSilva*, No. 1:21-CR-00564 (CJN), 2024 WL 519909 (D.D.C. Feb. 8, 2024) (reconsidering finding of guilt following bench trial).

**Background**

After a three-day bench trial, this Court found Mr. Loganbill guilty of all counts of a five count indictment charging Mr. Loganbill with violations of 18 U.S.C.

§ 1512(c)(2) and 2 (Count One), 18 U.S.C. § 1752(a)(1) (Count Two), 18 U.S.C. § 1752(a)(2) (Count Three), and 40 U.S.C. § 5104(e)(2)(D), and (G) (Counts Four and Five, respectively). Prior to trial, Mr. Loganbill Motioned to Dismiss Counts One, Two, and Three. ECF. No. 5, 6. As to the Section 1752 counts, he submitted proposed legal instructions which would have required the Court to find as an essential element that Mr. Loganbill knew of the presence of a protectee (Vice President Mike Pence) under §§ 1752(a)(1) & (2). ECF. No. 18-2. The Court denied Mr. Loganbill's motions to dismiss and denied his request for the legal instruction regarding the *mens rea* required for violations of 1752. The defense objections to the Court's rulings are preserved.

Following its verdict, the Court postponed sentencing to await the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), addressing the scope of applicability of § 1512(c)(2) to the events of January 6, 2021. The Supreme Court subsequently held: "To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Id.* at 2190. Thus, § 1512(c)(2) is limited to the prosecution of defendants who obstruct, influence, or impede an official proceeding through the impairment of the availability or integrity of *records, documents, objects, or other such things*, including witness testimony or intangible information. *Id.* at 2185. Any broader interpretation would criminalize conduct by lobbyists and activists protected by the First Amendment. *Id.* at 2189. The

government has yet to articulate how it will proceed in cases impacted by *Fischer*. On August 7, 2024, the Circuit remanded *Fischer* without an opinion. USCA Case #22-308, Doc. No. 2068848 (Mandate).[1] The Court has ordered the government to state its position in Mr. Loganbill's case by August 14, 2024. Minute Order, 7/8/24 (granting government's request for extension of time).

## Argument

Mr. Loganbill seeks reconsideration of the finding of guilt for Count One charging him with obstruction of an official proceeding under 18 U.S.C.§ 1512(c)(2). With regard to that statute, the Court held that the government had to prove the following elements beyond a reasonable doubt:

1. The defendant attempted to or did obstruct or impede an official proceeding;

2. The defendant intended to obstruct or impede the official proceedings;

---

[1] Despite reporting that it is still awaiting guidance from the Solicitor General's Office, the government has begun voluntarily dismissing § 1512 charges (or expressing its intent to do so) in pretrial cases (and at least one post-trial case) indicted before the Supreme Court decided *Fischer*. *See, e.g.*, *United States v. Lee*, No. 21-cr-303-ABJ (D.D.C.), ECF:131 (Aug. 2, 2024) (government motion to dismiss § 1512 count); *United States v. Giobbie*, No. 24-cr-304-CJN (D.D.C.), ECF:21 (Aug. 1, 2024) (same); *United States v. Gossjankowski*, No. 21-cr-123-PLF (D.D.C.) ECF:227 (Aug. 2, 2024) (same); *United States v. Groseclose*, No. 21-cr-311-CRC, ECF:110 (Aug. 2, 2024) (government motion to dismiss § 1512 count *after* conviction but before sentencing); *United States v. Jackman, et al.*, No. 21-cr-378-TJK (D.D.C.), ECF:192 at 2 (July 15, 2024) (government stating intent to dismiss § 1512 count); *United States v. Norwood III*, No. 21-cr-233-CJN (D.D.C.), ECF:88 (July 25, 2024) (government superseding its original indictment by, *inter alia*, removing § 1512 charge); *United States v. Trevor Cain*, No. 23-cr-297-RC (per defense counsel, defendant pleading to two misdemeanors and no § 1512, where charged pre-*Fischer* with § 1512 and four misdemeanors).

  3. The defendant acted knowingly, with awareness that the natural and probable effect of their conduct would be to obstruct or impede the official proceedings; and;

  4. The defendant acted corruptly.

ECF. No. 4-1 (Court's Legal Instructions).

The Court did not include as an element the corrupt impairment of the availability of records, documents, objects, or other such thing and there were no stipulated facts establishing such. Indeed, Mr. Loganbill did not commit acts – or aid and abet another in committing acts – that would allow any rational factfinder to find that the elements of § 1512(c)(2) as articulated in *Fischer* had been satisfied. He took no act related to records, documents, objects, or other such things. The evidence is therefore legally insufficient for this count of conviction. In any event, in light of *Fischer,* as the particular factfinder in this case, this Court should no longer be convinced beyond a reasonable doubt that Mr. Loganbill violated § 1512(c)(2).

As an additional matter, since the Court's verdict in November 2023, the Circuit has taken up the issue of whether under 18 U.S.C. § 1752(a), the law requires that a defendant know that he has entered a "restricted area" *and also* have knowledge of the existence of one of the facts listed in the definition of "restricted building or grounds" under § 1752(c)(1)(A), (B), or (C). *See United States v. Griffin*, Appeal No. 22-3042 (argued 12/4/23). As relevant here, under subsection B, a defendant is required to know that a "person protected by the Secret Service" was present at the time he entered or remained in the restricted area at issue.

Mr. Loganbill therefore also seeks reconsideration of the finding of guilt for Counts Two and Three, respectively charging him with entering and remaining in a restricted building or grounds under 18 U.S.C. § 1752(a)(1) and disorderly or disruptive conduct in a restricted building or grounds under 18 U.S.C. § 1752(a)(2). With regard to these counts, the Court found that the essential elements required that Mr. Loganbill entered a restricted building "knowingly" and that a person acts knowingly if

> he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, one may consider all of the evidence, including what the defendant did or said.

ECF No. 4-1, p. 4 (Court's Legal Instructions).

The Court did not include as an element that Mr. Loganbill had to know of the presence of a protectee (Vice President Mike Pence) under §§ 1752(a)(1) & (2). And the facts at trial did not establish a basis from which any reasonable factfinder could conclude that Mr. Loganbill knew that a protectee was present at the time he entered or remained in a restricted area. But even if the evidence were somehow legally sufficient, this Court should again reconsider its finding beyond a reasonable doubt as to whether Mr. Loganbill's actual knowledge.

## Conclusion

For these reasons, and any others that may appear to the Court, Mr. Loganbill respectfully requests that the Court reconsider its findings of guilt as to Counts One, Two, and Three and find him not guilty on each.

5

Respectfully Submitted,


A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
ALEXIS GARDNER
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500