**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. Action No. 23-0289 (ABJ) |
| MATTHEW EUGENE LOGANBILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The government has filed a motion pursuant to Federal Rule of Criminal Procedure 48(a) asking the Court to dismiss the indictment against the defendant with prejudice. Mot. to Dismiss [Dkt. # 52].

Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). While it is well-established that the decision to bring or dismiss a case, and whether a dismissal should be with or without prejudice, are matters committed to the prosecutor's discretion, the words "leave of court" in the Rule "obviously vest some discretion" in the presiding court to review the government's motion. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). *See also United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973) (explaining that Rule 48(a) was not intended "to serve merely as a rubber stamp for the prosecutor's decision"). The D.C. Circuit has directed courts in this district to consider both their "role of guarding against abuse of prosecutorial discretion" and "the public interest" in reviewing a Rule 48(a) motion. *Ammidown*, 497 F.2d at 620.

In this district, there is a "strong presumption in favor of a no-prejudice dismissal." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989). Only when "circumstances are

'exceptional,' such as where a dismissal without prejudice 'would result in harassment of the defendant or would otherwise be contrary to the manifest public interest,'" should the court grant a dismissal with prejudice. *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015), quoting *Poindexter*, 719 F. Supp. at 10.

While this Court has been reluctant to grant motions to dismiss with prejudice based solely on the Presidential Proclamation issued on January 20, 2025 and in the absence of any showing that the indictment was legally or factually flawed, it finds in this instance that a dismissal with prejudice is appropriate with respect to Count One.

After a bench trial, the defendant was found guilty of Count One, the sole felony count in the indictment: obstructing an official proceeding, that is, the Congressional certification of the electoral vote, in violation of 18 U.S.C. § 1512(c)(2). He was also found guilty of several misdemeanors. The sentencing was stayed pending the Supreme Court's consideration of *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). The Supreme Court ultimately ruled that a conviction under section 1512(c)(2) required proof beyond a reasonable doubt that the defendant "impaired the availability or integrity of records, documents, objects, or other things, such as witness testimony or intangible information, for use in an official proceeding, or attempted to do so." *Fischer v. United States*, 144 S. Ct. 2176, 2190 (2024). Since there was no such evidence in the record beyond a December 20, 2020 Facebook post by the defendant expressing the view that "Pence should open all the envelopes and then stack all the EC ballots in a pile, he should then shred all the envelopes and burn the shreds," the Court has been skeptical of the government's insistence on continuing to pursue that charge. Proof that the defendant intended to obstruct or impede an official proceeding, that he did so, that he acted knowingly, and that he acted corruptly, is not enough.

2

For that reason, the Court will grant the motion in part and deny it in part, as it will dismiss Count One with prejudice and the remainder of the counts without prejudice. Dismissing the entire case with prejudice would dishonor the hundreds of law enforcement officers who put their lives on the line against impossible odds to protect not only the U.S. Capitol building and the people who worked there – who were huddled inside in terror as windows and doors were shattered – but to protect the very essence of democracy: the peaceful transfer of power.

No stroke of a pen and no proclamation can alter the facts of what took place on January 6, 2021. When others in the public eye are not willing to risk their own power or popularity by calling out lies when they hear them, the record of the proceedings in this courthouse will be available to those who seek the truth.

Therefore, the government's motion is **GRANTED** in part and **DENIED** in part. Count One of the indictment is hereby dismissed with prejudice, and the remainder of the charges are hereby dismissed without prejudice.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  January 23, 2025